UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 17 2009
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| Ernest B. Ford, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **09 1105** |
| ) | |
| Nan R. Shuker *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Plaintiff, a resident of Washington, D.C., sues a judge of the Superior Court of the District of Columbia, the United States Attorney's Office for the District of Columbia and "various agencies" of the Department of Justice under 42 U.S.C. § 1983. Compl. Caption. He seeks monetary damages of $2,998,000. Plaintiff bases his claim of constitutional violations on the alleged revelation in a previously dismissed civil action "that no record/transcript exists [or was retained] . . . indicating that Ernest B. Ford ever underwent the legally necessary and requisite Rule 11 Inquiry prior to a plea of guilty" in Superior Court. Compl. at 2. The gravamen of the complaint, however, challenges on due process grounds plaintiff's

judgment of conviction and sentence imposed by the Superior Court following his guilty plea. *See id.* at 3-9.

Plaintiff cannot recover monetary damages from Superior Court Judge Nan R. Shuker because judges are absolutely immune from lawsuits predicated on acts taken, as alleged here, in their judicial capacity. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The remaining named defendant–a federal agency– is not subject to liability under § 1983[1], but even if plaintiff were to amend the complaint to add a proper defendant under § 1983's federal analog, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he could not recover monetary damages under the circumstances presented without first establishing that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not made such a showing here. The complaint therefore will be dismissed in its entirety. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: June ___, 2009

United States District Judge

---

[1] Section 1983 creates a cause of action against "[e]very person" acting under color of "State or Territory or [] District of Columbia" law who violates rights protected by the Constitution or federal law. 42 U.S.C. § 1983.